## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SHAWN LOUIS JACOBS,

      Petitioner,

v.                                            CIV. NO. 05-1183 BB/WPL

ROBERT A. ULIBARRI, WARDEN, AND THE
ATTORNEY GENERAL OF NEW MEXICO,

      Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before me on Shawn Louis Jacobs's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody. For the reasons that follow, I recommend that the Application be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 21, 1992, in cause number 91-1538, Jacobs entered a no-contest plea to the felony offense of receiving stolen property. On April 22, 1992, the state court gave him an eighteen-month suspended sentence. [Doc. 9 Ex. B] On July 29, 1992, in cause number 92-0152, Jacobs entered a no-contest plea to three offenses: possession of a firearm or destructive device by a felon, occurring on or about February 22, 1992; receiving stolen property, occurring on or about April 23, 1992; and conspiracy to commit forgery, also occurring on or about April 23, 1992. [Doc. 9 Ex. F, G] The court sentenced Jacobs to a total of three years in prison for these offenses. [Doc. 9 Ex. G] The court also revoked his probation, but ordered the eighteen-month sentence for the earlier conviction to run concurrently with the three-year sentence for the later convictions. Additionally,

the court ordered Jacobs to serve one year of parole upon his release from prison. [Doc. 9 Ex. D, G] Jacobs did not appeal any of these convictions or sentences. [Doc. 1 ¶ 9]

In October 1994, Jacobs was released from prison. Three days later, he killed an Albuquerque high school student. [Doc. 22 at 1-2 (4cv551)] In November 1996, he was convicted of murder, kidnapping, attempted criminal sexual penetration, and several related offenses. [RP 1175-77 (4cv551)] He was sentenced to life imprisonment plus 69 ½ years. [Doc. 22 at 4 (4cv551)] After exhausting his state remedies, Jacobs filed a habeas petition in this Court, challenging several aspects of his trial and sentencing. [Doc. 1 (4cv551)][1]

In June 2005, while the federal habeas petition was pending, Jacobs filed a state habeas petition, seeking to vacate his 1992 conviction for possession of a firearm or destructive device by a felon. He argued that he was not a "felon" when he allegedly committed that offense because he had not yet been sentenced in 91-1538. [Doc. 9 Ex. H] The state judge denied the petition without an evidentiary hearing, stating, "Mr. Jacobs was a convicted felon. He was neither misled nor coerced by his defense lawyer. This plea was freely and voluntarily entered with full knowledge of the consequences." [Doc. 9 Ex. I] The New Mexico Supreme Court denied certiorari. [Doc. 9 Ex. J, L]

On November 10, 2005, I filed my Proposed Findings and Recommended Disposition, recommending that the habeas petition challenging the 1996 convictions be dismissed with prejudice.

---

[1] The record references in this paragraph are to the related habeas case, which is pending in this Court as *Jacobs v. Bravo*, Civ. No. 04-0551 MV/WPL. I take judicial notice of the record in the related case. *See Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) (holding that a court may take judicial notice of its own files and of facts that are a matter of public record), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001); *see also Webber v. Weaver*, 6 F. App'x 706, 707 n.2 (10th Cir. 2001) (unpublished) (taking judicial notice of the record in a related appeal).

[Doc. 22 (4cv551)] That same day, Jacobs commenced this case by filing a habeas petition, asserting claims of an illegal sentence, ineffective assistance of counsel, cruel and unusual punishment, and involuntary plea. All of these claims are premised on the same argument Jacobs raised in his state habeas petition--that he was not a "felon" when he allegedly committed the offense of possession of a firearm or destructive device by a felon. [Doc. 1 ¶ 10]

In their answer to the petition, Respondents assert that Jacobs is not in custody pursuant to the conviction under attack. They further assert that the petition is time-barred. [Doc. 9 ¶¶ 1, 3] In an "Objection" to Respondents' answer, Jacobs argues that he is in custody as a result of the 1992 convictions because those convictions were used to enhance his sentence for the 1996 convictions by 37 years. [Doc. 10 at 2]

## DISCUSSION

"The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). The custody requirement is jurisdictional, and the burden falls on the petitioner to show that it has been satisfied. *See Foster v. Booher*, 296 F.3d 947, 949 (10th Cir. 2002); *United States v. Bustillos*, 31 F.3d 931, 933-34 (10th Cir. 1994).

To satisfy the custody requirement, the petitioner must be in custody pursuant to the conviction under attack. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A prisoner who has fully served his sentence for the conviction under attack cannot meet the custody requirement merely by showing that the conviction was used to enhance a subsequent sentence currently being served. *See Coss*, 532 U.S. at 401. But if the petition can be construed as an attack on the subsequent sentence, as enhanced by the allegedly invalid prior conviction, the custody requirement is satisfied. *Id.* at 401-

02. Moreover, consecutive sentences are viewed in the aggregate, so that a prisoner serving one in a "continuous stream" of consecutive sentences is deemed to be in custody for all of the sentences. *See Garlotte v. Fordice*, 515 U.S. 39, 41, 44-46 (1995); *Foster*, 296 F.3d at 949-50. This means that a prisoner may challenge a consecutive sentence that has already been completed. *See Garlotte*, 515 U.S. at 44-46.

In this case, Jacobs states in his petition that he is attacking his 1992 convictions and that he "is not in prison for the case under attack." [Doc. 1 ¶¶ 1, 3, 15] He has not attempted to establish that the sentences for the 1992 convictions and the 1996 convictions are part of a continuous stream of consecutive sentences. From the record before me, it appears that they are not. Jacobs had already been released from prison for the 1992 convictions when, in October 1994, he committed the crimes for which he is now imprisoned. There is nothing in the record to indicate that any part of the sentence imposed in 1992, including the one-year parole period, was uncompleted when Jacobs was convicted in November 1996. Accordingly, Jacobs is not in custody for the 1992 convictions.

Jacobs is, however, in custody for the 1996 convictions. Because he asserts that the 1992 convictions were used to enhance his sentence for the 1996 convictions, I will construe the petition as an attack on the 1996 sentence as enhanced by the 1992 convictions. *See Coss*, 532 U.S. at 401-02.[2]

In *Coss*, the Supreme Court ruled:

[O]nce a state conviction is no longer open to direct or collateral attack in its own

---

[2] As noted above, a habeas petition challenging the 1996 sentence is already pending in this Court. My analysis here assumes for the purpose of argument that the earlier habeas petition could be amended to include the claims raised in this petition. *Cf. Ching v. United States*, 298 F.3d 174, 175-77 (2d Cir. 2002) (indicating that a petition filed during the pendency of another habeas proceeding should be construed as a motion to amend rather than as a new petition in order to avoid the restrictions on successive petitions).

4

> right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. at 403-04 (citation omitted). The Court recognized an exception to this ruling for a claim that the prior conviction was obtained through a failure to appoint counsel in violation of the Sixth Amendment and *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Id.* at 404. Three justices opined that there might be additional exceptions for situations in which the state court unjustifiably refuses to rule or in which the petitioner obtains compelling evidence of his innocence which he could not have obtained in a timely manner. *Id.* at 405-06 (opinion of O'Connor, J., joined by Rehnquist, C.J., and Kennedy, J.).

In this case, the 1992 convictions are no longer open to direct or collateral attack in their own right because Jacobs failed to pursue an appeal and failed to obtain state habeas relief. Moreover, the time has expired for him to bring a federal habeas petition attacking the 1992 convictions.

Because these convictions became final before the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1) commenced on AEDPA's effective date--April 24, 1996. *See Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998). AEDPA's statutory tolling provision does not apply because Jacobs did not pursue state collateral relief until 2005, after the limitations period had run. *See* 28 U.S.C. § 2244(d)(2). The limitations period is subject to equitable tolling, but only in rare and exceptional circumstances and when the petitioner diligently pursued his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also*

5

*United States v. Lee*, No. 05-3071, 2006 WL 137423, at *2 (10th Cir. Jan. 19, 2006) (unpublished) (emphasizing that although actual innocence is a rare and exceptional circumstance, the petitioner still must demonstrate diligence and extraordinary circumstances beyond his control). Jacobs bases his claims partly on two New Mexico decisions that issued in 1999 and 2001. [Doc. 9 Ex. H at 2-3] Even assuming the limitations period could somehow be tolled until those decisions issued, Jacobs did not make any attempt to set aside his 1992 convictions until June 2005. Thus, Jacobs has not demonstrated diligence.

The exceptions recognized in *Coss* do not apply here. Jacobs has not raised (and the record would not support) a *Gideon* claim or a claim that the state court unjustifiably refused to rule, nor has he shown that he could not have discovered the basis for the arguments that he has raised in a timely manner. *See Davis v. Roberts*, 425 F.3d 830, 835-36 (10th Cir. 2005) (holding that an imprisoned pro se prisoner's ignorance of the law does not excuse prompt filing). Therefore, Jacobs cannot challenge his 1996 sentence on the ground that the 1992 convictions are invalid.

## PENDING MOTIONS

On December 27, 2005, Jacobs filed a "Motion to Put Case on Hold," stating that he had just received a copy of the indictment in 92-0152 and that it did not charge him with possession of a firearm or destructive device by a felon or with receiving stolen property. [Doc. 11] Jacobs concluded from this that he was improperly convicted of two crimes for which he was never indicted. He requested that this case be held in abeyance while he attempted to exhaust his state remedies regarding this new issue.[3]

---

[3] I note that the Plea and Disposition Agreement in 92-0152 states that the indictment would be dismissed and that the Agreement "serves to amend the complaint, indictment, or information to charge the offenses to which the defendant pleads, without the filing of any additional pleading." [Doc. 9 Ex. F at 2, 3-4]

Two months later, Jacobs filed a "Motion for Court to Accept Amended Petition," stating that he has now exhausted his state remedies regarding the issue raised in his Motion to Put Case on Hold. [Doc. 12] Accordingly, the Motion to Put Case on Hold is moot. Jacobs also requested leave to file an amended petition to include the claim that he was improperly convicted of two crimes for which he was not indicted. Because this claim relates to the validity of the 1992 convictions, it is not cognizable for the same reasons that the claim Jacobs raised in his original petition is not cognizable.

Jacobs has also filed a "Motion for Production of Documents on File," requesting an order requiring the District Attorney's Office to provide him with copies of its files for certain cases in 1991 and 1992. He claims that he "believes he was charged with another persons crime, this persons name is also Shawn Jacobs, and these documents will prove this [sic]." [Doc. 13] Beyond this bald assertion, he offers no support for this claim.

### RECOMMENDED DISPOSITION

For the reasons stated herein, I recommend that:

1) the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody [Doc. 1] be denied;

2) the "Motion to Put Case on Hold" [Doc. 11], "Motion for Court to Accept Amended Petition" [Doc. 12], and "Motion for Production of Documents on File" [Doc. 13] be denied; and

3) this cause be dismissed with prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

*William P. Lynch*
_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE